FRANCESCA NISCIA, DEFENDANT IN ERROR, v. ALEXANDER COHEN, PLAINTIFF IN ERROR.

Submitted December 9, 1912—Decided March 3, 1913.

Where a party, after refusing to carry out a contract for the purchase of land, seeking to recover a part of the purchase price paid by him when the contract was entered into, fails to prove by competent evidence the excuse stated in his declaration for such refusal, he has not made out his case as averred in his pleadings, and in such case the defendant is entitled to a direction in his favor, no other right to recovery appearing.

---

On error to the Supreme Court.

For the plaintiff in error, *Wenner & Ostrom.*

For the defendant in error, *Alexander Simpson.*

The opinion of the court was delivered by

BERGEN, J.  The parties to this action entered into a written contract which, by its terms, required the plaintiff in error to convey and the defendant in error to purchase, a lot of land, "No. twenty-eight (28) on a map of the town of Hudson, made by Clerk & Bacot, city surveyors, and duly filed in the office of the clerk (now register) of the county of Hudson." When the contract was signed the defendant in error paid $500 on account of the purchase price.  It is admitted that the defendant in error tendered, as required by the contract, a deed which described the property as in the contract, and that it was refused by the purchaser upon the sole ground that the vendor "could not convey by reason of encroachment of the real estate upon other real property."

After such refusal the purchaser brought his suit to recover the amount paid on the purchase price, the cause of action being, as set out in the declaration, that "the said defendant then and there was unable to deliver to said plaintiffs the deed of warranty free from encumbrance of said premises, part of the same on the east and south being occupied and possessed by the adjoining property owners." At the trial the defendant in error recovered a verdict upon which the judgment now under review was entered.

The plaintiff in error, defendant below, moved, at the close of the plaintiff's case, for a nonsuit, and also at the close of the whole case for a direction in his favor, and both motions being refused, exceptions were sealed and error assigned thereon.  We think the defendant below was entitled to a favorable ruling on both of these motions, and that the refusal requires a reversal of the judgment assailed.  There is no testimony in the case which justifies the inference that the land described in the deed was "occupied and possessed by the adjoining property owners," and therefore nothing was shown to sustain the issue raised which could be properly submitted to a jury.

The plaintiff below called but a single witness to support his claim that a part of the lot as described in the deed was in possession of the adjoining landowners, and this witness,

who testified that he was a surveyor, producing a sketch showing the result of what he claimed to be a survey of the lot, said that it "was a practical location of lot twenty-eight," but he admitted that the sketch did not agree with the map mentioned in the contract and deed, and that it was not made from the map, but from measurements which he had made without regard to it. What this witness did, as appears from his testimony, was to measure one hundred and twenty-five feet easterly from a highway called Smith street, and establish that as the westerly corner, on Newark avenue on which it fronts, of lot No. 28, while no such street appears on the original map, and there is nothing in the testimony of this witness which shows any basis for the assumption, made by him, that the westerly line of the lot is where he protracted it on his sketch. The testimony of this witness is rested upon presumptions without facts to support them. No deed of the lot on the west is produced, or fact testified to, which fixes the westerly line of this lot as beginning one hundred and twenty-five feet easterly from Smith street, nor is the true line of that street located by any survey produced, or other competent testimony. If a survey is based on a measurement from a given point the correctness of that point, as a monument, must be shown, and the reason for the use of the distance measured should appear in the testimony, for we cannot accept as correct a survey showing the "practical location" of a lot, made without regard to the filed map on which it is laid down, or without proof of the location of the adjoining lots as protracted on the original map along the lot in question. Whether the lot sought to be conveyed has been encroached upon and is in the possession of other owners, depends upon the true location of the beginning point adopted by the person making the survey, and before the distance called for as the width of the lot can be said to extend so far in a given direction as to disclose that a portion of it has been encroached upon by an adjoining owner, the beginning point should be clearly established, and that manifestly was not done in this case according to the proofs offered at the trial.

The plaintiff in this case failing to prove, by competent evidence, the conditions stated in his declaration as his reason for refusing to carry out his contract, he has not made out the basis of his action, and in such case the defendant was entitled to a direction in his favor, no other right to recovery appearing.

This being refused by the trial court, the judgment must be reversed and a new trial awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, TREACY, JJ. 13.